IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**ANTONIO MOSLEY**                                                   **PLAINTIFF**

**v.**                            **CIVIL CASE NO. 3:23-CV-439-RP**

**COMMISSIONER OF**
**SOCIAL SECURITY**                                         **DEFENDANT**

## JUDGMENT

Pursuant to 42 U.S.C. § 405(g), the plaintiff Antonio Mosley brought this action for judicial review of an unfavorable decision of the Commissioner of Social Security regarding an application for a period of disability and disability insurance benefits, as well as an application for supplemental security income. The parties have consented to entry of final judgment by the United States Magistrate Judge under 28 U.S.C. § 636(c). ECF #12. The undersigned held a hearing on April 17, 2024. Having considered the record, the administrative transcript, the briefs of the parties, the oral arguments of counsel, and the applicable law, the court finds the Commissioner's decision is supported by substantial evidence and should be affirmed.

## Standard of Review

In determining disability, the Commissioner, through the Administrative Law Judge ("ALJ"), works through a five-step sequential evaluation process.[1] The burden rests upon plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff is successful in sustaining his burden at each of the first four levels, then the burden shifts to the Commissioner at step five.[2] First, plaintiff must prove [he] is not currently engaged in

---

[1] *See* 20 C.F.R. §§ 404.1520, 416.920 (2010).
[2] *Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

substantial gainful activity.[3] Second, plaintiff must prove her impairment is "severe" in that it "significantly limits [his] physical or mental ability to do basic work activities . . . ."[4] At step three the ALJ must conclude plaintiff is disabled if he proves that his impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[5] If plaintiff does not meet this burden, at step four he must prove that he is incapable of meeting the physical and mental demands of his past relevant work.[6] At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that he is capable of performing other work.[7] If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that he cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999), citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the proper legal standards were applied in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[9] even if it finds

---

[3] 20 C.F.R. §§ 404.1520(b), 416.920(b) (2010).
[4] 20 C.F.R. §§ 404.1520(c), 416.920(c) (2010).
[5] 20 C.F.R. §§ 404.1520(d), 416.920(d) (2010). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 416.925 (2003).
[6] 20 C.F.R. §§ 404.1520(e), 416.920(e) (2010).
[7] 20 C.F.R §§ 404.1520(g), 416.920(g) (2010).
[8] *Muse*, 925 F.2d at 789.
[9] *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

that the evidence leans against the Commissioner's decision.[10] The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

## Commissioner's Decision

At step one of the sequential evaluation process, the ALJ found that the plaintiff has not engaged in substantial gainful activity since the alleged onset date of February 2, 2019. At step two, he found that the plaintiff had the severe impairments of adenocarcinoma of the prostate, heart disease, diabetes mellitus, depression, and anxiety. At step three, he found that the plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. The ALJ then determined that the plaintiff has the residual functioning capacity ("RFC") to perform light work, except:

> [H]e can perform occasional postural activities. He cannot climb scaffolds, ladders, or ropes. He cannot be exposed to hazards. He is limited to simple, routine, and repetitive tasks. He can have no more than two hours of concentration without a break. He can have only occasional contact with co-workers, supervisors, and the public. He is limited to infrequent changes that are gradually introduced.

---

[10]*Bowling v. Shalala,* 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

At step four, the ALJ found that the plaintiff is unable to perform any past relevant work. Finally, at step five, the ALJ found that considering the plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the plaintiff can perform, such as the light, unskilled jobs of marker, packager, and grader/sorter. Accordingly, the ALJ concluded that the plaintiff is not disabled.

## Discussion

The plaintiff argues primarily that the ALJ erroneously evaluated the severity of the plaintiff's mental impairments. Although the plaintiff makes no argument that the ALJ should have found at step three of the sequential analysis that the plaintiff's mental impairments – which the ALJ found to be severe at step two – meet or medically equal the severity of a listed impairment, the plaintiff takes issue with the ALJ's step three findings as to the severity of the plaintiff's limitations in the four broad areas of mental functioning known as the "paragraph B" criteria. Whereas the ALJ found the plaintiff is moderately limited in each of the four areas of mental functioning, the plaintiff argues that the record evidence supports more severe limitations in one or more of the areas, and that a more restrictive RFC than that assessed by the ALJ is therefore warranted. However, as the Commissioner points out and as the ALJ states in the decision, the limitations identified in the "paragraph B" criteria are not an RFC assessment but are used to rate the severity of mental impairments at steps two and three of the sequential evaluation process. SSR 96-8p, 1996 WL 374184, at *4 (July 2, 1996). Further, the ALJ explained his finding of a moderate limitation in each of the four areas with citations to supporting record evidence, and the plaintiff's argument that the evidence supports findings of more severe limitations amounts to a request that the court reweigh the evidence in his favor, which the court may not do.

The plaintiff also argues that the ALJ erroneously found unpersuasive the medical source statement of the plaintiff's treating mental health provider Marketa Larry, who opined that the plaintiff has mental limitations which, if included in the RFC, would eliminate all work. However, the ALJ complied with the applicable regulatory framework for considering medical opinions, which requires the ALJ to articulate how persuasive he finds a medical opinion and to explain how he considered the factors of "supportability" and "consistency." 20 C.F.R. §§ 404.1520c(b) and 416.920c(b). The ALJ found Ms. Larry's opinion unpersuasive because it "is not well supported and is inconsistent with the claimant's mental health treatment records," including, among other examples cited, the findings of normal concentration/attention at regular exams.

The plaintiff concedes that this medical evidence is inconsistent with Ms. Larry's opinion that the plaintiff has poor to no ability to maintain attention for two-hour segments, but the plaintiff argues the ALJ's should have articulated how he considered the other limitations to which Ms. Larry opined, such as her opinion that the plaintiff's mental impairments would cause him to be absent from work more than three times a month. However, under the applicable regulatory framework, when a medical source provides multiple medical opinions, the ALJ will articulate how he considered the medical opinions from that medical source together in a single analysis and "is not required to articulate how [he] considered each medical opinion … from one medical source individually." 20 C.F.R. §§ 404.1520c(b)(1) and 416.920c(b)(1). The ALJ committed no procedural error in his analysis of Ms. Larry's medical source statement, and his finding that the statement is unpersuasive is supported by substantial evidence.

The plaintiff also argues that the ALJ failed to consider the plaintiff's panic attacks and should have included in the RFC a disabling level of absenteeism resulting from the panic

attacks, which the plaintiff testified occur about twice a week for 30 minutes to an hour. However, in his decision the ALJ discussed this hearing testimony as well as the plaintiff's report of panic attacks reflected in the treatment records. Further, the plaintiff's treatment records reflect that among all his mental health treatment visits, only during a single visit did he report experiencing panic attacks. This does not compel a reversal of the Commissioner's decision for failure of the ALJ to include in the RFC a disabling level of absenteeism due to panic attacks. The ALJ considered the plaintiff's testimony and the treatment notes documenting a report of panic attacks, and the ALJ's omission from the RFC of a disabling level of absenteeism due to panic attacks is supported by substantial evidence.

Next, the plaintiff argues that the ALJ erroneously found that the plaintiff has at least a high school education. However, although the record evidence is less than clear as to how many grades of school the plaintiff completed, the parties concede that a finding of a lower level of education would not result in a finding of disabled under the Grid Rules, nor would it eliminate the unskilled jobs that the ALJ found the plaintiff capable of performing. As such, any error here is harmless.

Finally, the plaintiff argues that the ALJ should have ordered a mental consultative examination before rendering a decision. "The ALJ's duty to undertake a full inquiry, however, 'does not require a consultative examination at government expense unless the record establishes that such an examination is *necessary* to enable the administrative law judge to make the disability decision.'" *Pierre v. Sullivan*, 884 F.2d 799, 802 (1989) (quoting *Turner v. Califano*, 563 F.2d 669, 671 (5th Cir. 1977) (emphasis in original)). Whether to require such an examination is within the ALJ's discretion. *Pierre,* 884 F.2d at 802. Even where an ALJ has failed to develop an adequate record, reversal is not warranted unless the claimant shows he was prejudiced as a result. *Kane v.*

*Heckler,* 731 F.2d 1216, 1220 (5th Cir. 1984). "[He] must show that, had the ALJ done his duty, [he] could and would have adduced evidence that might have altered the result." *Kane,* 731 F.2d at 1220.

In the present case, the plaintiff argues that a mental consultative examination became necessary when the ALJ found unpersuasive Marketa Larry's medical opinion as to the plaintiff's mental limitations. However, there is no requirement that the ALJ have before him a "persuasive" medical opinion on which to rely when assessing a claimant's functional limitations. In fact, there is no requirement that the record include *any* medical source statement. *Ripley v. Chater,* 67 F.3d 552, 557 (5th Cir. 1995) (stating that although medical source statement is usually desirable, "[t]he absence of such a statement … does not, in itself, make the record incomplete"). The ALJ in this case had before him treatment records of numerous mental health visits and examinations. The court finds that a mental consultative examination was not necessary to enable the ALJ to make the disability decision, and the ALJ did not abuse his discretion by not obtaining one. Further, the plaintiff has not demonstrated what evidence such an examination would have adduced that might have altered the result.

For these reasons and for those announced on the record at the conclusion of oral arguments in this case, the Commissioner's decision is AFFIRMED.

This, the 18th day of April, 2024.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE